UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHRITA MONIQUE SESSION

VERSUS                                       CIVIL ACTION

JOHN L. HARDEN, ET AL                        NUMBER 09-69-RET-SCR

**NOTICE**

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
 In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

 Baton Rouge, Louisiana, February 18, 2009.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHRITA MONIQUE SESSION

VERSUS                                                    CIVIL ACTION

JOHN L. HARDEN, ET AL                                     NUMBER 09-69-RET-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff Shrita M. Session filed this action against John L. Harden and Superior Home Maintenance.  Plaintiff alleged that the defendants breached the parties' contracts.  Specifically, the plaintiff alleged that on October 3, 2008, she entered into a contract with Harden to purchase a 25% partnership interest in Superior Home Maintenance, a limited liability corporation owned by Harden for $25,000.00.  Plaintiff alleged that on October 23, 2008, she loaned Superior Home Maintenance $12,653.66.  Plaintiff alleged that Harden failed to transfer an ownership interest in Superior Home Maintenance in accordance with the agreement and failed to repay the loan.  Plaintiff alleged that on November 6, 2008, the parties executed an agreement providing that Harden would repay the $25,000.00 in 12 monthly installments.  Plaintiff alleged that Harden breached that agreement as well.  Plaintiff sought reimbursement of $35,653.66, the amount of money paid to Harden.

Plaintiff did not state, nor do the allegations of the complaint suggest, any basis for federal question jurisdiction

under either 28 U.S.C. §§ 1331 or 1334.

Additionally, this court lacks diversity jurisdiction. District courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states.  28 U.S.C. § 1332.  For purposes of subject matter jurisdiction, the court generally looks to the complaint itself to determine what amount is in controversy.  *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 1573 (1961).

It is clear from a review of the complaint that the parties lack diversity of citizenship and that the amount in controversy required by 28 U.S.C. § 1332 is not present.

Plaintiff's complaint should be dismissed, without prejudice, for lack of subject matter jurisdiction.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiffs complaint be dismissed without prejudice for lack of subject matter jurisdiction.

Baton Rouge, Louisiana, February 18, 2009.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE